**In re ONYX TELECOMMUNICATIONS, LTD., Debtor.**

**Bankruptcy No. 84 B 11441 PA.**

United States Bankruptcy Court, S.D. New York.

Dec. 17, 1985.

Robert P. Herzog, Lipkowitz and Plant by Peter P. Kenny, New York City, for debtor.

Siegel, Sommers & Schwartz, Demov, Morris, Levin & Hammerling, New York City (Lawrence C. Gottlieb, Jonathan M. Herman, of counsel), for Samhwa New York Co., Inc.

## DECISION AND ORDER DENYING MOTION TO DISMISS INVOLUNTARY PETITION [1]

PRUDENCE B. ABRAM, Bankruptcy Judge:

On October 9, 1984, Samhwa New York Co., Inc. ("Samhwa" or "Petitioner") filed an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code against Onyx Telecommunications, Ltd. ("Onyx" or "Debtor"). On or about October 23, 1984, the Debtor moved to dismiss the involuntary petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted pursuant to Bankruptcy Rule 7012. It was the Debtor's contention that the omission from the involuntary petition of certain language allegedly required by the then recent amendments to Bankruptcy Code §§ 303(b)(1) and (h)(1) rendered the involuntary petition fatally defective. The Debtor urged that the Petitioner was required to allege it was the holder of a claim not the subject of a *bona fide dispute*, see Code § 303(b)(1), as well as that the Debtor was generally not paying its debts as they became due and that such debts were not the subject of a *bona fide dispute*, see Code § 303(h)(1). By a memorandum endorsement dated October 30, 1984 the court found the motion to dismiss was well taken. However, the court stayed the dismissal of the involuntary petition for ten days to give Samhwa the opportunity to file an amended petition.

Thereafter, and on or about November 1, 1984, Samhwa filed an amended involuntary petition. However, counsel for Samhwa failed to sign the amended petition as required by Bankruptcy Rule 9011. The Debtor promptly sought an order dismissing the involuntary petition on the grounds of noncompliance with the October 30, 1984 order. This motion was settled by a stipulation permitting counsel to sign the amended petition *nunc pro tunc* as of the date of its original filing.

Thereafter on December 26, 1984, and prior to filing an answer, Onyx filed a new motion to dismiss the amended involuntary petition. The new motion again sought to dismiss the involuntary petition for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Bankruptcy Rule 1011(b). See also Bankruptcy Rule 1018. Compare Bankruptcy Rules 7012 and 9014. However, the Debtor did not move again under F.R.Civ.P. 12(b)(6) for failure to state a claim for relief. Samhwa has opposed the renewed motion.

At the outset of the court's discussion of the renewed motion, it is necessary to reiterate and emphasize the procedural posture

---

1. This decision was originally read into the record on December 17, 1985. Minor deletions and corrections have been made.

of this case. No answer has yet been filed to the involuntary petition. The motion before the court seeks to dismiss the involuntary petition only on the basis of lack of subject matter jurisdiction. Thus the sole issue this court need consider at this juncture is whether subject matter jurisdiction exists.

This court, in the exercise of its discretion, declines to dismiss the involuntary petition. Because this court declines to dismiss this petition, the Debtor's request for judgment against the Petitioner under § 303(i) of the Bankruptcy Code is premature and need not be considered at this time. It is this court's opinion that, based on the particular facts of this case and the interplay between the jurisdictional grant of Code § 303(b)(1) and the Code § 303(h)(1) requirements for entry of an order for relief, dismissal of this petition at such an early stage in the proceedings would be premature and would not do substantial justice. This court finds that Samhwa has alleged jurisdictional facts sufficient to defeat Onyx's facial attack on the petition under F.R.Civ.Pro. 12(b)(1). The Debtor's original motion to dismiss included a motion under F.R.Civ.P. 12(b)(6) ground. Since the Debtor's present motion does not seek dismissal on a F.R.Civ.P. 12(b)(6) ground, no determination on the merits of the Petitioner's claim may be had. The court further finds that Samhwa has made a sufficient showing, at this stage, that it has an unsecured claim in at least the jurisdictional amount of $5,000 that is not contingent as to liability nor the subject of a bona fide dispute to overcome the Debtor's F.R.Civ.P. 12(b)(1) factual attack on Samhwa's standing.

As a preliminary matter, the court must discuss the distinction between F.R.Civ.P. 12(b)(1) motions that attack a complaint (or involuntary petition) on its face, the so-called "facial attack", and F.R.Civ.P. 12(b) motions that attack the existence of subject matter jurisdiction, in fact, apart from the pleadings, the so-called "factual attack". The distinction is important because of the different type of analysis a court undertakes in ruling on the two types of motions

and the different safeguards afforded a plaintiff (or petitioning creditor) under either type of attack. On a facial attack, the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly from the facial attack. On a factual 12(b)(1) motion the court is free to weigh the evidence and satisfy itself as to the existence of subject matter jurisdiction, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of the jurisdictional claims. In addition, the plaintiff has the burden of proof that jurisdiction does in fact exist. *See In re First Energy Leasing Corp.*, 38 B.R. 577 (E.D.N.Y.1984); *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 885 (C.A.3d 1977); *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); and 5C Wright and Miller *Federal Practice and Procedure* § 1350 (1969).

This 12(b)(1) factual evaluation may occur at any stage of the proceedings *from and after the time the answer has been served* until after the trial has been completed. A factual jurisdictional proceeding cannot occur, however, until the plaintiff's allegations have been controverted. *See Mortensen, supra* at 892. See also *Cardio-Medical Associates, Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68 (C.A.2d 1983). Here the Debtor has not yet filed an answer. Thus it has not formally controverted the factual allegations of the petition. However, it is apparent from its papers that the Debtor intends by its 12(b)(1) motion to attack both the facial and factual allegations of the petition upon which it believes subject matter jurisdiction rests.

Counsel and courts have often overlooked the distinctions between factual and facial attacks on subject matter jurisdiction. In the interest of expediency, and because it appears from the Debtor's affidavits in support of its motion, in which, *inter alia*, the Debtor lists the papers filed in, and briefly describes, the state court

proceeding between itself and Samhwa, that the Debtor's answer would include the same or substantially similar allegations controverting the involuntary petition, this court will engage in a more extended consideration of the present motion than its facial nature would normally warrant.

*The 12(b)(1) Facial Attack*

■ As previously indicated, on a facial attack, all of the factual allegations of the pleading concerning jurisdiction are presumed to be true and the motion is successful only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *See, Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (C.A.11th 1982), *Mortensen, supra.* Section 303(b)(1) of the Bankruptcy Code is the applicable jurisdictional provision. See *In re Tsunis*, 39 B.R. 977, 10 C.B.C.2d 1287 (E.D.N.Y. 1983). The relevant provisions of Section 303 are as follows:

"(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

"(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject on [sic] a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

"(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 or such claims * * * "

Samhwa, in the amended involuntary petition, alleges that it is the holder of a claim against the Debtor that is not contingent as to liability or the subject of a bona fide dispute, which claim is at least $5,000 more than the value of any lien on property of the Debtor securing claims held by it. The Petitioner asserts the nature and amount of its claim is as follows:

"Samhwa New York Co., Inc. is the holder of a claim against the debtor in the amount of not less than $2,868,529.70 for goods sold and delivered to the debtor on open account, which sum is not subject to a bona fide dispute." Amended Involuntary Petition under Chapter 7, filed November 1, 1984.

Assuming all the allegations in the petition are true, as this court must on a 12(b)(1) facial attack, it is clear that Samhwa has alleged sufficient jurisdictional facts to satisfy its burden at this stage.

■ The Debtor would have this court reject the factual allegations about Samhwa's claim as clearly unjustifiable as a matter of law. It is the Debtor's contention that the mere existence of the state court proceeding in which it has filed an answer asserting various defenses and counterclaims is sufficient to establish a bona fide dispute. In effect the Debtor would have this court require a petitioner to allege that it is the holder of a claim *not the subject of a proceeding in any other court in which an answer has been filed by the Debtor* before a petition can survive a facial attack. This court is of the opinion that the mere existence of a proceeding in another court in which the Debtor has filed an answer generally denying the allegations of the complaint and asserting assorted affirmative defenses and counterclaims, while concededly establishing the existence of a dispute, does not as a matter of law, without more, establish the existence of a "bona fide" dispute. Hence demonstration of the existence of a pending state or federal action involving a petitioners' claim does not result in the conclusion that a debtor's 12(b)(1) facial attack on the court's subject matter jurisdiction must be sustained. Accordingly, this Debtor's 12(b)(1) motion to dismiss the involuntary petition on grounds that the allegations in the petition are facially insufficient to satisfy the jurisdiction-

al requirements of Code § 303(b)(1) is denied.

### The 12(b)(1) Factual Attack

Before proceeding to an analysis of the Debtor's 12(b)(1) factual attack, a brief description of the 1984 amendments to Code § 303(b)(1) and § 303(h)(1) is necessary. Prior to 1984, an involuntary case against a person could be commenced by the filing with the bankruptcy court of a Chapter 7 or 11 petition:

> "(1) by three or more entities, each of which is either the holder of a claim against such person that is not contingent as to liability or
>
> "(2) if there are fewer than 12 such holders, ..., by one or more of such holders that hold in the aggregate at least $5,000 of such claims."

In the 1984 amendments Congress further qualified the type of claim a petitioner must hold in order to commence an involuntary petition. In addition to holding a claim not contingent as to liability that aggregates $5,000, the claim must be one that is not the subject of a bona fide dispute. This seemingly simple phrase now included in § 303(b)(1) must likewise be viewed as a jurisdictional prerequisite. See *In re Tsunis, supra.*

In addition, in the 1984 amendments, Congress also amended Code § 303(h). Its relevant provisions are as follows:

> "(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—
>
> > "(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts that [sic] are the subject of a bona fide dispute; * * * *"

Code § 303(h)(1) now requires the petitioning creditors, in connection with a controverted petition, to establish before an order of relief can be entered that the debtor is generally not paying such debtor's debts as such debtor's debts become due, and that the debts that are not being paid are not the subject of a bona fide dispute.

Thus as a result of the 1984 amendments, an element in the Code § 303(b)(1) jurisdictional basis for an involuntary petition and an element of the Code § 303(h)(1) cause of action condition for entry of an order of relief on a controverted petition is the single phrase: "not the subject of a bona fide dispute." That the phrase is both an element of the condition upon which a controverted order for entry of relief may be entered and a necessary prerequisite for the bankruptcy court's jurisdiction whether or not the order for relief is controverted leads the court to be much more cautious in reviewing a 12(b)(1) factual attack motion.

It is a combination of the timing of the factual jurisdiction attack, the placing of the burden of proof on the petitioning creditors and the free hand given to the court to evaluate matters outside the pleadings to determine subject matter jurisdiction factual disputes that may result in unfairly precluding the petitioning creditors in a contested involuntary petition from reaching the merits of their right to entry of an order for relief against a debtor. It must be remembered that a court is free to determine factual disputes and reach the merits of a subject matter jurisdictional issue without a formal trial. *See Williamson v. Tucker,* 645 F.2d 404 (C.A. 5th 1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); Moore, 2A *Federal Practice* § 12.07[2–1] at 12–49. This court is not saying that pre-answer 12(b)(1) motions attacking the factual allegations advanced by the petitioning creditors may never be granted as there may be petitions in which it is so clear that the petitioning creditors would not be able under any circumstances to establish the non-existence of a bona fide dispute that the motion should be granted.

The cases under the Sherman Act wherein the plaintiff seeks damages for viola-

tions of the Sherman Act and the defendant seeks dismissal under 12(b)(1) are closely analogous to the problem before this court. The court held in *Mortensen, supra:*

"[B]ecause the nexus [with interstate commerce the plaintiff] * * * will have to establish to succeed on the merits [on its Sherman Act claim] is at least in part the same nexus they must allege or even prove to withstand jurisdictional attack, that we feel it is incumbent upon the trial judge to demand less in the way of jurisdictional proof [on the motion to dismiss for lack of subject matter jurisdiction] than would be appropriate at a trial stage." 549 F.2d at 892.

In the present case, however, that inability is not apparent as this court cannot say to a legal certainty that Samhwa will be unable to establish the existence of a claim of at least $5,000 over the value of any security held which is not the subject of a bona fide dispute. Therefore, better practice requires denial of the present pre-answer motion.

The Petitioner and the Debtor are presently adverse parties in a state court proceeding that was pending at the time this bankruptcy proceeding was instituted in which Samhwa is the plaintiff and the Debtor is the defendant. The causes of action asserted by Samhwa in the state court action underlie the claim upon which relief is sought in this court. In the state court action, the Debtor answered the complaint by generally denying its allegations and alleging eight affirmative defenses and three counterclaims. It is the Debtor's contention that even a cursory review of the documents submitted in the state court action would reveal that the claim asserted by Samhwa in the involuntary petition is in fact subject to a bona fide dispute. In response, Samhwa has asserted that the mere existence of a state court proceeding in which the Debtor has interposed an answer generally denying the allegations of the complaint and including spurious counterclaims and defenses does not render the claim subject to a bona fide dispute. In

addition Samhwa asserts that a significant portion of its claim is not the subject of a "bona fide dispute." It is the Petitioner's contention that at least $750,000 plus interest is not in dispute. The Petitioner offers a letter dated January 21, 1983 signed by George Villarino, President of Onyx to show the admission by the Debtor of a debt owing in the amount of at least $750,000, an amount well in excess of the required $5,000, that is not contingent as to liability nor the subject of a bona fide dispute. Mr. Villarino has not denied the authenticity of the January 21, 1983 letter but asserts

"From the very beginning, Onyx and I have categorically denied and still deny the allegations of Samhwa regarding the purported statement of account * * *. The facts supporting that denial are detailed in paragraphs 2 through 15 of my affidavit of June 11, 1984. As therein stated, the transaction which Mr. Herman now chooses to call an 'account stated' grew out of the representations made by Samhwa's principal, Y.J. Kim, to me that Samhwa resume performing its prior written covenant to arrange financing for Onyx. In fact, Samhwa did not thereafter resume arranging Onyx's financing and consequently Onyx sustained substantial damages which are the subject of counterclaims set forth in its answer in the State litigations." Reply Affidavit, filed February 6, 1985 of George Villarino for Onyx.

In a first review of the voluminous papers filed by the Debtor, it appears the Debtor is denying categorically every relevant allegations asserted by Samhwa's complaint. However, upon a closer purview, it appears the Debtor does not deny that a debt is owing but disputes the amount. *See* Villarino Affidavit dated June 11, 1984 filed in the Supreme Court of the State of New York, County of New York and appended to Villarino's Reply Affidavit quoted above.

█ The court agrees with the Petitioner that the mere existence of a state court action in which a debtor has interposed an answer generally denying the allegations of the complaint is not sufficient

as a matter of law to raise a dispute to a *bona fide* dispute within the meaning of Code § 303(b)(1). Further this court determines that the assertion of counterclaims does not controvert the claim upon which the petition rests but merely serves to offset the amount owing if the counterclaim is proven. Therefore the existence of counterclaims does not establish that a claim is the subject of a *bona fide* dispute. See generally Bankruptcy Rule 1011(d) and Advisory Committee Note thereto and cases cited therein. Samhwa, the petitioning creditor, has offered sufficient proof to withstand the Debtor's 12(b)(1) factual attack by the assertion of allegations that at least $750,000 of its claim is not the subject of a bona fide dispute and by substantiating this allegation with the letter dated January 21, 1983 and the surrounding events.

This court will not dismiss the involuntary petition at this time for lack of subject matter jurisdiction on a 12(b)(1) factual attack even though it appears that a not insignificant portion of the $2,868,529.70 claim asserted by Samhwa might be the subject of a bona fide dispute because the remaining amount is well in excess of $5,000. Under Code § 303(h)(1) the petitioning creditor must prove that the Debtor is generally not paying such debts as such debts become due. As part and parcel of that proof, Samhwa will have to establish that a debt, in the amount of $750,000 or some other amount is owed by the Debtor, that it is due and not being paid, and that the debt is not the subject of a bona fide dispute. If, in an effort to prove its cause of action under Code § 303(h)(1), Sumhwa establishes the existence of a debt at least in the amount of $5,000 that is not the subject of a bona fide dispute then it would have had a claim sufficient to establish subject matter jurisdiction. But if the court dismisses the petition at this preliminary stage, because the petitioning creditor has not "proved" part of its claim for relief that it might have been able to prove at trial on a fuller record, it results in cutting off the opportunity of the petitioning creditors to have their case reviewed on the merits. Since a dismissal for lack of subject matter jurisdiction is not on the merits, and thus without prejudice, a petitioning creditor could gather up additional proof or await further progress in the state court litigation and file a new petition and thereby start the process all over again. Since the jurisdictional facts of the petition and of Samhwa's claim are tied into the merits of the cause of action upon which relief may be granted, the court believes judicial efficiency and economy require denial of the Debtor's pre-answer motion to dismiss under 12(b)(1). This result comports with the general policy of the Federal Rules of Civil Procedure disfavoring dismissals of pleadings on 12(b)(1) motions unless it is clear that subject matter jurisdiction does not exist.

In conclusion this court finds that the Petitioner, Samhwa, has adduced facts which at this juncture are sufficient to establish that there are good grounds for its allegation that it holds a claim not the subject of a bona fide dispute, at least in the amount of $750,000. The Debtor has not raised defenses sufficient to raise the entirety of the disputes between itself and Samhwa to the level of bona fide disputes within the meaning of Code § 303(b).

Based upon the preceding factual findings and conclusions of law, the Debtor's motion to dismiss is denied. The Debtor is directed to file its answer within twenty days hereof. A pretrial conference is set for January 23, 1986 at 3:00 P.M.

At this juncture, the court wishes to note that its ruling on the present motion should not be construed to imply that the petitioning creditor does not indeed have a heavy burden to satisfy. Notwithstanding the deceptive simplicity of the 1984 amendments to Code § 303, the actual outcome of any individual case must remain a careful case by case analysis of the facts and of the competing and conflicting interests of the Debtor and the creditors. Nowhere is that conflict more starkly presented then in the one on one bankruptcy case. The mere fact that Samhwa is a shareholder and secured creditor of Onyx is not enough in

itself to preclude resort to the bankruptcy forum for the marshalling of the Debtor's asserts to permit collection of Samhwa's unsecured claim, if established.

At this preliminary stage it is not possible nor appropriate for the court to predict the ultimate outcome of this case.

It is so ordered.