**P.S.I. NORDIC TRACK, INC., Plaintiff,**

**v.**

**GREAT TAN, INC., Defendant.**

**Civ. No. 4–87–677.**

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 5, 1987.

David A. Fairbairn, Nickolas E. Westman, Kinney & Lange, Minneapolis, Minn., for plaintiff.

Orrin M. Haugen, Haugen & Nikolai, P.A., Minneapolis, Minn., and James R. Uhlir, Christensen, O'Connor, Johnson & Kindness, Seattle, Wash., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's motion for default and on defendant's motion to dismiss or otherwise stay proceedings and for attorneys' fees. Plaintiff's motion is denied, defendant's motion to stay granted, and defendant's motion for attorneys' fees will be denied.

FACTS

This is an action for patent infringement. Plaintiff P.S.I. Nordic Track, Inc. (Nordic) is a Minnesota corporation with its principal place of business in Minnesota. Nordic is a manufacturer of a cross-country ski

exerciser which is the basis of the present litigation. It is the owner by assignment of United States Patent No. 4,023,795 ('795 patent) which covers the exerciser. Defendant Great Tan, Inc. (Tan) is a Minnesota corporation with its principal place of business in Minnesota operating under the trade name Push.Pedal.Pull. Tan sells a cross-country ski exerciser known as the Precor 515E Precision Ski Machine at resale. It purchases the 515E exerciser from Precor, Inc. (Precor), a Washington corporation and manufacturer of the machine with its principal place of business in Washington.

Nordic initially charged Precor with infringement of its '795 patent by letter dated February 3, 1987. Precor denied infringement by responding letter on February 24, 1987. Nordic then commenced this infringement action in Minnesota against Tan because Precor itself was not amenable to suit here. Upon being served with the complaint Tan promptly notified Precor of the suit. Within two weeks Precor filed suit against Nordic in the United States District Court for the Western District of Washington seeking a declaration that the '795 patent was either invalid or not infringed by the Precor 515E exerciser. Tan now brings this motion to stay or dismiss this action pending resolution of the Washington action on the grounds that both actions concern the same issue, validity and infringement of the '795 patent, and that only the Washington action is between the real parties in interest. Plaintiff brings a cross motion for default judgment because Tan has neither filed an answer nor raised any of the defenses specified by Federal Rule of Civil Procedure 12(b) within the rule's proscribed time period. Defendant contends the default judgment is frivolous and requests an award of attorneys' fees.

## DISCUSSION

### A. *Plaintiff's Motion for Default Judgment*

■ Plaintiff argues that defendant's motion to stay or dismiss this proceeding is not one of seven enumerated defenses in Fed.R.Civ.P. 12(b) which a defendant can raise by motion instead of by answer.[1] Accordingly, plaintiff suggests that defendant has failed to answer within the twenty-day period required by Fed.R.Civ.P. 12(a) and therefore has not pleaded or otherwise defended this action within the meaning of Fed.R.Civ.P. 55(a). This argument can be quickly disposed of.

Several courts have recognized a motion to stay as a rule 12(b) motion. *See, e.g., Macchiavelli v. Shearson, Hammill & Co., Inc.,* 384 F.Supp. 21, 23 (E.D.Ca.1974); *Netherlands Curacao Co. N.V. v. Kenton Corp.,* 366 F.Supp. 744 (S.D.N.Y.1973). The United States Court of Appeals for the Third Circuit has noted that although a motion to stay is not technically within the ambit of rule 12(b), it nonetheless is "addressed to the inherent power of the district court to control its own docket." *Warren Brothers Co. v. Cardi Corp.,* 471 F.2d 1304, 1307, 1309 (1st Cir.1973). Plaintiff's approach merely serves to obscure the essential question of whether this action is the most appropriate arena in which the Precor–Nordic litigation should be waged. Accordingly, plaintiff's motion for default will be denied. Defendant's request for attorneys' fees with respect to the default motion will also be denied because plaintiff's motion, although formalistic, is nonetheless based on the literal language of rule 12.

### B. *Defendant's Motion to Stay or Dismiss*

Defendant moves to stay or dismiss this action because this is a customer suit which should really have been directed at Precor, the real party in interest. Obviously, plaintiff selected Tan as a defendant to permit it to litigate the infringement issue in its home forum. Plaintiff could not maintain an infringement action against Precor in Minnesota because of the venue statute

---

**1.** The seven 12(b) defenses which can be raised by way of motion are 1) lack of subject matter jurisdiction; 2) lack of personal jurisdiction; 3) improper venue; 4) insufficiency of process; 5) insufficiency of service of process; 6) failure to state a claim upon which relief can be granted; and 7) failure to join an indispensable party under rule 19.

applicable to patent actions, 28 U.S.C. § 1400(b) which provides in relevant part:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Precor does not have a regular and established place of business in Minnesota and thus would not be subject to suit here. Declaration of William Potts, Par. 9, 10.

■ Although the general rule is that first-filed actions receive priority, defendant correctly notes an exception which exists in the context of patent litigation where the first suit is a "customer suit" and the second suit is a declaratory judgment action between the real parties in interest. *See Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 738 (1st Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977) (rebuttable presumption that promptly brought declaratory judgment action in manufacturer's forum should take precedence over customer action brought in jurisdiction where manufacturer could not be sued); *Rhode Gear U.S.A. v. Frank's Spoke N. Wheel, Inc.*, 225 U.S.P.Q. 1256, 1258 (D.Ma.1985) (same). This exception to the general rule is based on the recognition that the manufacturer is the real defendant in the customer suit as well as the fact that venue rights play a crucial role in patent litigation. *Codex*, 553 F.2d at 738. The *Codex* preference for the manufacturer's declaratory judgment action is not, however, a hard and fast rule but rather a rebuttable presumption:

There may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer, and therefore less weight should be given to the manufacturer's forum. Nor do we mean to say that the balance of convenience might not indicate that the customer suit is in the more appropriate forum, but

there is no present indication that this is such a case.

553 F.2d at 738 n. 6.

The United States Court of Appeals for the Eighth Circuit has endorsed the *Codex* rule in *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 240–42 (8th Cir.1979). *Emerson* involved a situation in which the licensee and owner of a patent for a workbench successfully concluded a suit against a manufacturer for selling an infringing workbench to Sears, Roebuck. Sears, however, soon began selling another allegedly infringing workbench made by a second manufacturer, Emerson. The licensee and owner plaintiffs this time brought suit in Maryland against Sears, whose defense costs were paid by Emerson pursuant to an indemnification agreement. Emerson then brought a declaratory action in Missouri against the plaintiffs and moved to have the Maryland litigation stayed.

The Eighth Circuit upheld a denial of Emerson's motion for a stay concluding that the *Codex* presumption had been rebutted. The *Emerson* court focused on seven factors which rebutted the presumption. First, Sears had demonstrated it would not be deterred by judgments against its suppliers. 606 F.2d at 241. Second, Sears was the only customer in the United States which sold the infringing Emerson workbench. Third, the licensee and all of the witnesses and records were located in Maryland, the forum for the customer suit. Fourth, although Emerson was incorporated in Missouri, neither the licensee corporation nor Sears were incorporated or had principal places of business there. Fifth, both the Missouri and Maryland forums were inconvenient to the other side. Sixth, there was some indication that Emerson was not only paying Sears' costs in the Maryland action but controlling the defense there as well. Seventh and finally, the court noted that Emerson's declaratory judgment action could have been brought in Maryland.

■ Plaintiff contests defendant's motion primarily by arguing that it is not subject to jurisdiction in Washington, and predicting that the second litigation will be

dismissed. The Court declines, however, to join plaintiff in attempting to predict the outcome of the Washington suit. Instead, the Court will assume until otherwise established that the Washington litigation is going forward. With that assumption in mind, and weighing the factors emphasized by the Eighth Circuit in *Emerson,* the Court will grant defendant's motion for a stay.

In essence, by bringing suit against Tan plaintiff is simply attempting to make an end-run around the venue statute which precludes it from directly bringing suit against Precor in Minnesota. This case is much more like *Codex* than *Emerson.* Tan, unlike Sears, is not a nationwide retailer willing to have an infringing product manufactured by any number of different suppliers. Also, Tan, unlike Sears, is not the only customer in the United States which carries the Precor exerciser. Accordingly, the only reason for bringing suit against Tan is that it is situated in Minnesota. This itself is insufficient reason to accord precedence to the customer action. *Dicar, Inc. v. L.E. Sauer Machine Co.,* 530 F.Supp. 1083, 1091 (D.N.J.1982). *Rhode Gear,* 225 U.S.P.Q. at 1258. While it appears Precor could bring its action in Minnesota, requiring it to do so would be to compel it litigate the infringement issue in a forum in which it was not subject to suit. Accordingly, the Court will stay this motion until the Washington litigation is concluded.

Based on the foregoing and review of all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that

1. plaintiff's motion for default judgment is denied;

2. defendant's motion for attorneys' fees is denied;

3. defendant's motion for stay is granted. This action is. hereby stayed until final disposition on the merits or otherwise of the *Precor Inc. v. P.S.I. Nordic Track, Inc.* litigation currently pending in the United States District Court for the Western District of Washington.