INDEPENDENT UNION OF FLIGHT ATTENDANTS, Plaintiff–Appellant,

v.

PAN AMERICAN WORLD AIRWAYS, INC. and Pan American Corporation, Defendants–Appellees.

No. 435, Docket 87–7680.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1988.

Decided Jan. 8, 1988.

George H. Cohen, Washington, D.C. (Mady Gilson, Deborah C. Malamud, Bredhoff & Kaiser, Washington, D.C.; Seymour M. Waldman, Patricia McConnell, Vladeck, Waldman, Elias & Englehard, P.C., New

---

[*] The Honorable William P. Gray of the United States District Court for the Central District of California, sitting by designation.

York City, of counsel), for plaintiff-appellant.

Richard Schoolman, New York City, for defendants-appellees.

Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.

PER CURIAM:

We affirm for substantially the reasons stated by the district court. 664 F.Supp. 156 (S.D.N.Y.1987).

We add one brief comment. Subsequent to the decision of the district court, the appellant, the Independent Union of Flight Attendants ("IUFA"), petitioned the National Mediation Board for an election to determine whether it might represent Pan Am Express's flight attendants. The Mediation Board determined that such an election should be held. IUFA received a majority of votes in that election, and now represents those flight attendants. We believe that these events underscore the correctness of the district court's decision that representation issues within the jurisdiction of the Mediation Board are implicated in the instant matter. IUFA has argued before us that the decision of the Mediation Board does not resolve the underlying issues because a contract addressing the question of work assignments must now be negotiated between Pan American Express, Inc. and IUFA. That may well be the case, but it merely demonstrates that the issue of whether the former Ransome employees may bargain as a unit or are to be represented by the larger unit is a paradigmatic representation issue subject to resolution by the National Mediation Board.