**FLIGHT ENGINEERS' INTERNATION-
AL ASSOCIATION, PAA CHAPTER,
AFL–CIO, Plaintiff–Appellant,**

v.

**PAN AMERICAN WORLD AIRWAYS,
INC., and Pan American Corporation,
Defendants–Appellees.**

**No. 701, Docket 89–7911.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 18, 1990.

Decided Feb. 13, 1990.

David B. Rosen, New York City (O'Don-
nell & Schwartz, of counsel), for plaintiff-
appellant.

Richard Schoolman, New York City (Eik-
enberry Futterman & Herbert, of counsel),
for defendants-appellees.

Before FEINBERG, PRATT and
MAHONEY, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiff-appellant Flight Engineers' In-
ternational Association (FEIA) appeals
from a judgment of the United States Dis-
trict Court for the Southern District of
New York, Peter K. Leisure, J., granting
the motion of defendants-appellees Pan
American Corporation (Pan Am Corp.) and
Pan American World Airways, Inc.
(PAWA) to dismiss the amended complaint
for lack of subject matter jurisdiction. Pan
Am Corp. is a holding company and is not
an airline; PAWA is its wholly owned air-
line subsidiary. The amended complaint
charged that Pan Am Corp. and PAWA
violated section 204 of the Railway Labor
Act (the Act), 45 U.S.C. § 184, and the
parties' collective bargaining agreement
(the Agreement) by refusing to arbitrate
what FEIA characterized as a contractual
dispute arising under Article 1(B) of the
Agreement. Article 1(B), known as a scope
clause, requires PAWA to use exclusively
FEIA-represented Operations Training In-
structors (OTI's) employed by PAWA to
perform instructional work in designated
areas involving the training of flight engi-
neers, flight personnel and maintenance
personnel. By a letter agreement dated
February 19, 1986, Pan Am Corp. agreed
that it, or any successor, would be bound
by Article 1 of the Agreement.

In April 1986, Pan Am Corp. acquired a
small regional airline, Ransome Airlines,
Inc. (Ransome), which was later renamed
Pan Am Express, Inc. After becoming a
wholly owned subsidiary of Pan Am Corp.,
Ransome continued to use its own employ-
ees as training personnel, rather than the
OTI's employed by PAWA and represented
by FEIA. None of the approximately 16
Ransome training personnel is represented
by FEIA; some are represented by other

unions and some are not represented by any union.

In August 1986, FEIA filed a grievance, alleging that Pan Am Corp. had violated Article 1 of the Agreement "by the failure of its subsidiary, Ransome Airlines to employ OTI's in accord with the Agreement." Pursuant to the Agreement, FEIA sought to have its grievance referred to a Board of Adjustment for arbitration and requested as relief both the assignment of work to the OTI's and backpay for all OTI's damaged by the contractual violation. Pan Am Corp. and PAWA took the position that the grievance involved a representation issue within the exclusive jurisdiction of the National Mediation Board (NMB), and refused to submit to arbitration unless required to by a court of competent jurisdiction. In September 1987, FEIA instituted this action.

In January 1988, this court decided in defendants' favor another case involving similar issues raised by another union arising out of the same acquisition of Ransome by Pan Am Corp. *Independent Union of Flight Attendants (IUFA) v. Pan American World Airways, Inc.*, 836 F.2d 130 (2d Cir.1988) (per curiam), aff'g 664 F.Supp. 156 (S.D.N.Y.1987). Thereafter, FEIA amended its grievance to eliminate any claim to work reassignment but continued to seek damages. Defendants maintained their refusal to submit the dispute to a Board of Adjustment.

In an opinion filed in July 1989, and reported at 716 F.Supp. 110, Judge Leisure dismissed the complaint for lack of subject matter jurisdiction. The judge held that the dispute implicated representation issues within the exclusive jurisdiction of the NMB pursuant to § 2 Ninth of the Act, 45 U.S.C. § 152 Ninth, and that resolution by a Board of Adjustment acting pursuant to § 204 of the Act, 45 U.S.C. § 184, and Article 23 of the parties' Agreement was thus precluded, at least in the first instance. The court believed that our recent decision in *IUFA*, mentioned above, controlled the disposition of this case. In *IUFA*, a flight attendants' union sought to compel arbitration of its claim that Pan Am

Corp. and PAWA had violated the scope clause of their collective bargaining agreement by failing to employ flight attendants represented by IUFA on Ransome flights. The district court dismissed the complaint for lack of subject matter jurisdiction, and we affirmed.

On appeal, FEIA continues to argue, as it did in the district court, that this case is distinguishable from *IUFA* because FEIA seeks only a retroactive award of damages resulting from defendants' noncompliance with a scope clause and not, as the union sought in *IUFA*, a prospective order reassigning work to members of its bargaining unit. FEIA contends that a claim for damages, unlike a claim for work reassignment, does not involve the resolution of representation issues since it calls for only a factual determination under the FEIA Agreement of whether the individuals who received the challenged work were OTI's working under the Agreement.

We disagree. As the district court correctly noted, although this case may not present "a traditional dispute over representation," 716 F.Supp. at 115, it presents the same factors which, for the *IUFA* court, had implicated representation concerns within the exclusive jurisdiction of the NMB, i.e., whether the union's certification applied to the subsequently acquired Ransome subsidiary and whether the two related airlines should be treated as a single carrier for representation purposes. See *IUFA*, 664 F.Supp. at 159; see also *Western Airlines, Inc. v. International Brotherhood of Teamsters*, 480 U.S. 1301, 1305, 107 S.Ct. 1515, 1517, 94 L.Ed.2d 744 (1987) (O'Connor, J., sitting as Circuit Justice) ("The great weight of the case law supports the proposition that disputes as to the effect of collective-bargaining agreements on representation in an airline merger situation are representation disputes within the exclusive jurisdiction of the National Mediation Board."). Moreover, despite FEIA's effort to characterize *IUFA* as only a work reassignment case (concededly within the jurisdiction of the NMB), the union there also sought "make whole" relief, i.e., money damages, as FEIA does here. In addition, an award of

the damages sought here—or even a realistic threat of such an award—would have the same practical effect as work reassignment on settling representation issues by extinguishing the possibility of a separate Ransome bargaining unit. No company in its right mind would continue to pay twice for the same work; it would take steps to transfer the work, if it could. Thus, like the district court, we reject FEIA's characterization of the present conflict as involving solely a "minor dispute," that is, a dispute over the interpretation or application of existing collective bargaining agreements, which under § 204 of the Act, 45 U.S.C. § 184, is committed to an authorized Board of Adjustment for resolution.

FEIA also argues that if the dispute is referred to the NMB, the scope clause will be rendered a nullity, since the NMB lacks jurisdiction to enforce the terms of collective bargaining agreements. FEIA maintains that this would deprive OTI's of the fruits of their 1986 bargain with appellees Pan Am Corp. and PAWA and would unjustly secure for appellees the concessions made in exchange for the work assignment agreement. Such a result, FEIA says, would also run counter to the statutory purposes of section 2 First of the Act, 45 U.S.C. § 152 First, which imposes on carriers a duty to "make and maintain agreements." We are not persuaded. As the district court pointed out, the NMB "must have the opportunity to define how, and by whom, groups of employees in this airline merger situation are to be represented"; only after the NMB's determination "may the union and the employer, or their arbitrator, establish or interpret contractual working conditions." 716 F.Supp. at 116.

In short, we would ordinarily stop at this point and affirm for the reasons given by the district court were it not for FEIA's final argument. FEIA asks us to follow the decision of the D.C. Circuit in *Association of Flight Attendants v. Delta Air Lines, Inc.*, 879 F.2d 906 (D.C.Cir.1989), decided after the district court's opinion in this case. The D.C. Circuit held, in the context of an airline merger, that the district court had jurisdiction to order arbitration of the union's claim for damages against the surviving carrier, which was based on the alleged violation of a successorship clause in the union's contract with the absorbed carrier. Appellant's reliance on the *Delta* decision is inapposite for two reasons. First, as indicated above, we do not write upon a blank slate in this area, in view of our controlling precedent in *IUFA*. Second, by the time of the D.C. Circuit's *Delta* decision, the merger had been consummated and the NMB had retroactively extinguished the union's certification (since that union then represented only a minority of the relevant class of employees); thus, in view of the NMB's conclusive determination of the representation issue, a court order compelling arbitration of the damages claim would not interfere with the NMB's exclusive jurisdiction. Such a conclusive determination of the representation issue, without the interference of the threat of an award, is precisely what is lacking here.

The judgment of the district court is affirmed.