**In the Matter of Frederick MODELL d/b/a Frederick Modell Company, Debtor.**

**Bankruptcy No. 94 B 42224 (JLG).**

United States Bankruptcy Court, S.D. New York.

June 28, 1994.

Ross & Hardies, Somerset, NJ, for alleged debtor.

Kronish, Lieb, Weiner & Hellman, New York City, for Republic Nat. Bank of New York.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for Republic Nat. Bank of New York, and remaining petitioning creditors.

*MEMORANDUM DECISION ON PETI-TIONING CREDITORS' MOTION FOR DEFAULT JUDGMENT AND ALLEGED DEBTOR'S CROSS–MOTION TO DISMISS*

JAMES L. GARRITY, Jr., Bankruptcy Judge.

Republic National Bank of New York, Merchants Bank of New York, Israel Discount Bank of New York and Bank Leumi Trust Company of New York (the "Banks"), as petitioning creditors in this involuntary chapter 7 case, have moved this court ("the Motion") pursuant to § 303(h) of the Bankruptcy Code ("Code") and Bankruptcy Rule 1013(b) for the entry of an order for relief against Frederick Modell, individually, and Frederick Modell d/b/a Frederick Modell Company (the "Alleged Debtor"), based on his alleged default in responding to the petition. Less than one week after this case was commenced the Alleged Debtor filed a "Notice of Cross–Motion To Dismiss Involuntary Petition" (the "Cross–Motion"). By agreement that matter was to be heard on June 27, 1994. Although the Cross–Motion is predicated on § 303(i) of the Code, the Alleged Debtor argues that it should be construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). Because one effect of the filing of a Rule 12(b)(1) motion is to extend an alleged debtor's time to respond to the involuntary petition, *see* Bankruptcy Rule 1018, 7012, the Alleged Debtor argues that he cannot be in default and that the Motion must be denied. These matters were the subject of a hearing conducted on June 23, 1994. For the reasons stated herein, the Motion and Cross–Motion are denied.[1]

*Facts*

On May 5, 1994, the Banks commenced this involuntary case by filing a petition pursuant to 11 U.S.C. § 303(b) and serving it on the Alleged Debtor in accordance with Bank-

---

1. This Memorandum Decision constitutes our findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(c) as made applicable herein by Bankruptcy Rules 7052 and 9014. Our subject matter jurisdiction of this matter is predicated on 28 U.S.C. §§ 1334(b) and 157(a) and the

"Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). It is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A).

ruptcy Rules 1010 and 7004. On May 10, 1994, the Banks moved by Order To Show Cause for the appointment of a trustee pursuant to § 303(g) of the Code. The next day, the Banks moved ("the May 11 Motion") by Order To Show Cause for (1) a preliminary injunction prohibiting the Alleged Debtor from disposing, dissipating, transferring, encumbering or taking any action out of the ordinary course with respect to his assets, including, without limitation, the inventory, cash receipts and books and records of Frederick Modell d/b/a Frederick Modell Company ("FMC Assets"); (2) an order pursuant to § 362(d) of the Code granting relief from the automatic stay to permit the Banks to take possession of the FMC Assets and (3) an order authorizing expedited discovery pursuant to Bankruptcy Rules 7030(a) and 7034(b). In conjunction with that motion the Banks sought entry of a temporary restraining order ("TRO") enjoining the Alleged Debtor from disposing, transferring, encumbering, conveying or taking any other action with respect to his assets and FMC Assets. The Alleged Debtor objected to the issuance of the TRO, and after a two day hearing held in my absence by the Honorable Jeffry H. Gallet, the May 11 Motion was denied.

During that hearing, the Alleged Debtor contended, among other things, that we lack subject matter jurisdiction of this case because the Banks' claims are the subject of *bona fide* disputes. *See* Transcript, p. 61.[2] On or about May 12, 1994, the Alleged Debtor filed the Cross–Motion which was made returnable on May 18, 1994. In relevant part, the underlying notice stated that the Alleged Debtor sought an order pursuant to 11 U.S.C. § 303(i):

(a) dismissing the petition as having been filed in bad faith and based upon a knowingly false petition; and

(b) entering judgment against the petitioners, jointly and severally for all of the Alleged Debtor's costs, reasonable attorneys' fees, damages proximately caused by the filing, and punitive damages.

**2.** "Transcript" refers to the transcript of the hearing held before Judge Gallet on May 13,

On May 18, 1994, we conducted a status conference among counsel for the Alleged Debtor and Banks, during which we fixed June 27, 1994 as the trial date for the Cross–Motion. Among other things, the Banks agreed to hold their § 303(g) motion in abeyance pending resolution of that matter. Moreover, the parties agreed that the Alleged Debtor could continue to operate his business in the normal course subject to the Banks' right to monitor disposition of cash and inventory. That agreement was embodied in a stipulation which was approved by order of this court on May 20, 1994 (the "May 20 Stipulation"). Since that time, the Alleged Debtor has operated his business in accordance with the terms of that stipulation and the parties have conducted formal and informal discovery. In early June, in preparation for the June 27 hearing, the Alleged Debtor delivered his draft of a proposed joint pre-trial order to the Banks. On or about June 14, 1994, the Banks advised the Court that because the Alleged Debtor had not filed a response to the involuntary petition an order for relief under Chapter 7 should be entered against him. The parties agreed that the issue of the alleged default should be promptly resolved and pursuant to an agreed schedule, the Banks filed their motion on June 17, 1994. The Alleged Debtor responded to that motion on June 22, 1994. Moreover, on June 16, 1994, the Alleged Debtor purported to serve the Banks with his answer to the involuntary petition. By letter dated June 16, 1994, the Banks advised the Alleged Debtor that they were rejecting service of that answer because it is untimely and he failed to obtain leave of this court to file it.

### Discussion

■ An involuntary case can be brought only under Chapter 7 and 11 of the Code against persons other than farmers, family farmers or corporations that are not moneyed, business or commercial corporations, that are eligible to be debtors under the chapter under which the case was commenced. *See* 11 U.S.C. § 303(a). An involuntary case is commenced by filing a peti-

1994.

tion. *See* 11 U.S.C. § 303(b). If the alleged debtor has 12 or more creditors, the petition must be filed by three or more entities, each of which holds a claim against debtor that is not contingent as to liability or the subject of a *bona fide* dispute and which claims aggregate at least $5,000 more than the value of any liens against the debtor's property which the petitioning creditors may hold. *Id.* The petition must be served in accordance with Fed.R.Civ.P. 4. *See* Bankruptcy Rules 1010, 7004. Once service is effected, the alleged debtor has twenty days within which to answer or otherwise respond to the petition. *See* Bankruptcy Rules 1011 and 1018. If the petition is not timely controverted, "the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed." 11 U.S.C. § 303(h); *see also* Rule 1013(b) ("[i]f no pleading or other defense to a petition is filed within [20 days], the court, on the next day or as soon thereafter as practicable, shall enter an order for the relief requested in the petition").

■■■ The Banks contend that an order for relief must be entered against the Alleged Debtor because he has neither responded to the petition nor extended his time to do so by presenting a defense or objection to the petition in the manner prescribed by Fed.R.Civ.P. 12. *See* Bankruptcy Rules 1011(b) and (c). Section 303(i) of the Code provides a means for an alleged debtor in appropriate circumstances, to recover costs, reasonable attorney's fees, compensatory and/or punitive damages from petitioning creditors. It is properly invoked only after an involuntary petition is dismissed, other than upon consent of all creditors and the debtor, and debtor does not otherwise waive his right to such recovery.[3] *See also In re Reveley*, 148 B.R. 398, 405 (Bankr.S.D.N.Y. 1992); *In re Allen Rogers & Co.*, 34 B.R. 631 (Bankr.S.D.N.Y.1983). Thus, the Banks

properly contend that a motion pursuant to § 303(i) technically is not an appropriate vehicle for reaching the merits of an involuntary petition. It does not follow, however, that an order for relief under Chapter 7 must be entered against the Alleged Debtor.

■■■ An objection to subject matter jurisdiction goes to "the court's authority to act on the subject of the action between or among the parties in a case or proceeding brought before the court." 1 *Norton Bankruptcy Law and Practice 2d* § 4.1 at p. 4–9 (2d ed. 1994). Subject matter jurisdiction cannot be conferred on a court by agreement, consent or otherwise. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 18 n. 17, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951); *In re Stable Mews Associates*, 778 F.2d 121, 124 (2d Cir.1985). For that reason, a challenge to the court's subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is an appropriate means to adjudicate an involuntary petition. *See* Bankruptcy Rule 1018(b); *see e.g., In re Elsa Designs, Ltd.*, 155 B.R. 859, 863 (Bankr.S.D.N.Y.1993) (*citing In re Tikijian*, 76 B.R. 304, 313 (Bankr.S.D.N.Y. 1987)). For some courts, the phrase "not . . . the subject of a *bona fide* dispute" is both an element of the condition upon which a controverted order for relief may be granted and an indispensable prerequisite for the court's subject matter jurisdiction. *See, e.g., In re Onyx Telecommunications, Ltd.*, 60 B.R. 492, 496 (Bankr.S.D.N.Y.1985); *In re Elsa Designs Ltd.;* 155 B.R. at 863 (Bankr. S.D.N.Y.1993); *but see In re Mason*, 709 F.2d 1313, 1318–19 (9th Cir.1983) (lack of the requisite number of petitioning creditors does not deprive the court of jurisdiction to enter order for relief, filing of facially sufficient petition still gives the court jurisdiction over the proceeding); *In re Hutter Associates, Inc.*, 138 B.R. 512, 516 (W.D.Va.1992) (same); 1 *Norton Bankruptcy Law and Practice 2d* § 4:1 at p. 4–10 (2d ed. 1994)

---

**3.** Section 303(i) states as follows:

    If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

    (1) against the petitioners and in favor of the debtor for—

    (A) costs; or
    (B) a reasonable attorney's fee; or
    (2) against any petitioner that filed the petition in bad faith, for
    (A) any damages proximately caused by such filing; or
    (B) punitive damages.
   11 U.S.C. § 303(i).

(§ 303(b)(1) does not implicate subject matter jurisdiction; bankruptcy court's jurisdiction derives from 28 U.S.C. § 1334).

The Banks are correct that the Cross–Motion, while supported by an affidavit of the Alleged Debtor, is technically defective because it was not accompanied by a motion as required by Bankruptcy Rule 9013. Moreover, in derogation of the local rules of this Court, it was not supported by a memorandum of law. *See* Local Rule 13(b). *But see In re Reisman,* 139 B.R. 797, 801 (Bankr. S.D.N.Y.1992) (dismissal of motion for failure to follow Local Rule 13(b) is discretionary). However, the Alleged Debtor's affidavit ("Aff.") does announce that the only claims in this case that he disputes are those of the petitioning creditors. *See* Aff. ¶¶ 4, 55 and 56.

■ Because of the significance of a subject matter jurisdictional defense, "courts should treat an improperly identified motion that actually challenges the court's authority or competence to hear an action as if it properly raised the jurisdictional point." Charles Alan Wright & Arthur R. Miller, 5A *Federal Practice and Procedure* § 1350 at 205 (2d ed. 1990) (footnote omitted). We do not lightly overlook the defects in the Cross–Motion. However, it is plain that the Alleged Debtor has disputed the validity of the Banks' claims—and thus, in his view, our subject matter jurisdiction—from the outset of this case and that the Banks have understood as much. This is reflected in his defense to the TRO, the allegations contained in his affidavit, and the fact that in paragraph 1 of the May 20 Stipulation, the Banks and the Alleged Debtor identify the Cross–Motion as "Debtor's cross-motion to dismiss the [Banks'] Involuntary Petition." For those reasons, we will treat the Cross–Motion as one to dismiss the petition for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Compare P.S.I. Nordic Track, Inc.*

*v. Great Tan, Inc.,* 686 F.Supp. 738, 739 (D.Minn.1987) (although motion to stay litigation is not one of seven enumerated defenses in Rule 12(b), plaintiff's motion for default based on defendants failure to answer within twenty-day period specified in Rule 12(a) was denied because motion addresses inherent power of court to control its docket).

■ When a 12(b)(1) motion is made prior to the service of an answer to the petition, the court must accept factual allegations in the pleading relating to jurisdiction as true. *See Atlantic Mutual Insurance Co. v. Balfour Maclaine International, Ltd.,* 968 F.2d 196, 198 (2d Cir.1992); *Flight Engineers' International Association, PAA Chapter, AFL–CIO v. Pan American World Airways, Inc.,* 716 F.Supp. 110, 110–11 (S.D.N.Y.1989), *aff'd,* 896 F.2d 672 (2d Cir.), *cert. denied,* 495 U.S. 953, 110 S.Ct. 2220, 109 L.Ed.2d 545 (1990). The motion will be granted "only if [petitioner] has failed to allege an element necessary for subject matter jurisdiction." *In re Onyx Communications, Ltd.,* 60 B.R. at 495 (citations omitted). In relevant part, the petition alleges

> Each [Bank] is a creditor of Modell with a non-contingent and non-disputed claim against Modell, not subject to any *bona fide* dispute, aggregating at least $5,000 more than the value of any lien on the property or Modell securing such claim

■

*See* Petition ¶ 6. Without deciding whether the elements of § 303(b) are jurisdictional, but assuming *arguendo* that they are, the petition plainly alleges facts sufficient to establish our subject matter jurisdiction and thereby defeat the Cross–Motion to dismiss.

### Conclusion

Based upon the foregoing the Banks' Motion and Alleged Debtor's Cross–Motion are denied.[4]

---

4. In his response to the Banks' Motion, the Alleged Debtor asks that we sanction the petitioning creditors pursuant to Bankruptcy Rule 9011 due to their failure to disclose that in *In re Onyx Telecommunications, Ltd.,* 60 B.R. 492 and *In re Elsa Designs, Ltd.,* 155 B.R. 859, the courts held that the requirement that petitioners' claims not be the subject of a *bona fide* dispute is subject matter jurisdictional. DR 7–106(b)(1) of the ABA Code of Professional Responsibility, as adopted by the New York State Bar Association, requires that in presenting a matter to a tribunal, a lawyer shall disclose controlling legal authority known to the lawyer to be directly adverse to the position of the client and which is not disclosed by opposing counsel. N.Y.Jud.Law Appendix, Code

SETTLE ORDER consistent with this decision.

of Professional Responsibility DR 7–106(b)(1) (McKinney 1992). Courts have held that an attorney's failure to apprise the court of authority contrary to his or her client's position can give rise to sanctions. *See Katris v. Immigration and Naturalization Service,* 562 F.2d 866, 869–70 (2d Cir.1977); *Boritzer v. Blum,* No. 80–CV–480, 1985 WL 25022 at *5–*6 (S.D.N.Y. April 2, 1985); *see also Matter of Hendrix,* 986 F.2d 195, 200–01 (7th Cir.1993); *Piambino v. Bailey,* 757 F.2d 1112, 1131 n. 44 (11th Cir.1985). Among other things, the Banks argued that a default judgment should be entered against the Alleged Debtor because § 303(b) is not subject matter jurisdictional. In doing so, they failed to disclose the contrary authority within this district cited above. However, the petitioning creditors have not had an opportunity to respond to the Alleged Debtor's request for sanctions. Accordingly, we will defer consideration of that issue pending receipt of additional briefs by the parties pursuant to a schedule to be fixed by the court.