UNITED STATES of America, Plaintiff,

v.

George G. DAVIS, Gerald E. Lee, James H. Gilliland, P. Takis Veliotis, and General Dynamics Corporation, Defendants.

No. 85 Civ. 6090 (KC).

United States District Court, S.D. New York.

July 2, 1990.

Ellen B. Silverman, Asst. U.S. Atty., Matthew L. Byrne, Hollman & Byrne, New York City, for U.S.

Richard P. Swanson, Spengler, Carlson, Gubar, Brodsky & Frischling, John Gross, Anderson, Kill, Olick & Oshinsky, New York City, David Bohan, Jenner & Block, Chicago, Ill., for defendants.

## ORDER

CONBOY, District Judge:

We are in receipt of General Dynamics' motion to reconsider a portion of our Memorandum Opinion and Order (the "Order") dated June 6, 1990, 131 F.R.D. 391, and the opposition thereto by the Government. We are acutely aware of the delays that have occurred in this case and are not unsympathetic to the Government's distress at the prospect of further protraction of the case. We observe that the discovery motions decided under our most recent Order were part of a larger culture of exacerbated dispute among the parties. However, at the Court's suggestion, after we had withdrawn the reference to the magistrate and resumed supervision of the case, the parties did constructively and substantially reduce the volume and dimension of their discovery disputes. We also note that we delayed our decision on the streamlined, yet nonetheless voluminous, cross-motions to compel, in light of the on-going settlement negotiations, and ultimate conciliation, in the very important related case of *Bernstein v. IDT.*

Addressing the matter at issue, we are, on the one hand, troubled by the intimation in General Dynamics' Memorandum in Support of its Motion to Reconsider that the woe said to have ensued as a result of our decision, is due to *our* failure to have requested *in camera* inspection of the documents in question.[1] We believe that such an argument is wholly fallacious in view of the plain requirement that the party claiming the privilege and resisting discovery has the burden of establishing the existence of the privilege in all respects. *See, e.g.,* Order at 402. On the other hand, the attorney-client privilege is an immensely important feature of our adversarial system, and we are reluctant to foreclose further review of the matter in light of the small number of documents involved and the possible expectation of General Dynamics, based on our previous *in camera* review of other disputed documents, that we would call *sua sponte* for *in camera* review of these documents.

Accordingly, the seventy-one documents now in dispute are to be delivered to the Court for such inspection, accompanied by appropriate affidavits, limited in scope to the materials submitted. In addition, General Dynamics must also produce to the Court the eight passages of the Board of Director's minutes, mentioned in footnote six of our Order, that it claims to be privileged, and accompanying affidavits. We will not receive any further legal argument, which we believe will assuage the Government's concern about costly and protracted briefing. The parties may expect that the matter will be resolved within two weeks of the submission of the materials. At that time, we will also resolve the outstanding question relating to the DCAA audit documents, *see* Order at 396–97, which have already been produced to the Court by the Government.

General Dynamics motion to reconsider is thus granted, and we will open our Order to the limited extent indicated above.

SO ORDERED.

---

1. The rulings that General Dynamics would like us to reconsider relate to the 1976 and 1977 Documents, *see* Order at 401–03, and the Assorted Documents, *see* Order at 408.