UNITED STATES of America,

v.

**Yudong ZHU, Defendant.**

**No. 13 Cr. 761.**

United States District Court, S.D. New York.

Signed Dec. 19, 2014.

Christian R. Everdell, U.S. Attorney's Office, New York, NY, for United States of America.

Maurice H. Sercarz, Sercarz & Riopelle, L.L.P., Robert M. Baum, Federal Defenders of New York Inc., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Indictment dated October 2, 2013, a grand jury charged defendant Yudong Zhu ("Zhu") with conspiring to commit honest services fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1346, and 18 U.S.C. § 1349; conspiring to receive bribes in violation of 18 U.S.C. § 666(a)(1)(B) and 18 U.S.C. § 371; commercial bribery conspiracy in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 371; honest services fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1346; receipt of bribes in violation of 18 U.S.C. § 666(a)(1)(B); commercial bribery in violation of 18 U.S.C. § 1952(a)(3); and falsification of records in violation of 18 U.S.C. § 1519. (Dkt. No. 20.)

On August 21, 2014, Zhu issued a subpoena to New York University Medical Center ("NYUMC") pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)"). (*See* Gov't Mem. L. in Supp. of Mot. to Quash Def.'s Subpoena Pursuant to Fed. R.Crim. Pro. 17(c) ("Gov't Mem."), dated September 19, 2014, Dkt. No. 53, Ex. 1 (the "Subpoena").) The Subpoena called for production of the following documents:

1) Any "management plan" that NYU implemented under 42 C.F.R. § 50.605(a)(3)(i) as a result of Dr. Zhu's alleged conduct.

2) The results of any "retrospective review" that NYU conducted under 42 C.F.R. § 50.605(a)(3)(ii) and (b)(2) relating to Dr. Zhu's alleged conduct.

3) Any updated management plan and/or mitigation report that NYU prepared and/or implemented under 42 C.F.R. § 50.605(a)(3)(iii) and (b)(2) as a result of Dr. Zhu's alleged conduct.

4) Any response by NIH to any of NYU's submissions relating to Dr. Zhu's alleged conduct.

5) Emails, notes, memoranda, and other documents concerning NYU's consideration of Dr. Zhu for tenure.

6) Any notes or memoranda reflecting the interview that NYU investigators conducted with Dr. Zhu on May 8, 2013.

7) Any contracts in effect at any point from October 2008 to May 2013 between NYU and Siemens relating to Siemens' provision of MRI equipment and related software and services.

8) Any correspondence between NYU and Siemens from October 2008 to the present relating to Dr. Zhu.

In response, on September 19, 2014, the Government filed a motion (Dkt. No. 52) to quash the Subpoena, and on October 2, 2014, Zhu filed an opposition to the Government's motion (Def. Yudong Zhu's Mem. in Opp. to Gov't Mot. to Quash Subpoena Duces Tecum to NYUMC ("Def. Mem."), dated October 2, 2014, Dkt. No. 55).[1] By Order dated October 14, 2014, this Court granted in part and denied in part the Government's motion. (Dkt. No. 58.) Subsequently, on October 29, 2014, NYUMC made an *ex parte* submission of the memorandum related to Request No. Six of the Subpoena ("Request No. Six") and representative communications related to Request No. Eight of the Subpoena ("Request No. Eight") for the Court to review *in camera*. For the reasons set forth below, Request Nos. Six and Eight of the Government's motion are GRANTED.

## I. BACKGROUND AND LEGAL STANDARD

The Court's Order of October 14, 2014 detailed the background of this case and the legal standard for a motion to quash a subpoena. (Dkt. No. 58.) The same background and legal standard apply here.

## II. DISCUSSION

### A. SUBPOENA REQUEST SIX

Request No. Six pertains to "[a]ny notes or memoranda reflecting the interview that NYU investigators conducted with Dr. Zhu on May 8, 2013." The Government and NYUMC allege that such documents are not discoverable because they constitute work product. The attorney work product doctrine applies to materials prepared by an attorney in anticipation of litigation absent a showing of undue hardship. *Hickman v. Taylor*, 329 U.S.

---

**1.** Zhu's motion concedes that the Government "stands in the shoes" of NYUMC and thus has standing to challenge the Subpoena. (Def. Mem. at 1.)

495, 508, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The party invoking the privilege bears the burden of establishing the privilege. *In re Grand Jury Subpoena Dated Jan. 4, 1984,* 750 F.2d 223, 224–25 (2d Cir.1984).

NYUMC provided the relevant documents to the Court for an *in camera* review. The documents are attorney notes prepared by counsel following an interview with Zhu in the course of an internal investigation. The notes are not a verbatim transcript but rather a summary that incorporates the attorney's legal analysis. The timing of the preparation of the notes in relation to NYUMC's disclosure to the Government of possible criminal conduct strongly suggests the notes were taken in anticipation of litigation. For these reasons, the Court finds that the notes are attorney work product.

■ However, the analysis does not end with finding that the documents constitute work product. *See Xerox Corp. v. IBM,* 64 F.R.D. 367, 381 (S.D.N.Y.1974) (finding that work product containing an attorney's thoughts, views, and strategies should be "protected when feasible, but not at the expense of hiding the non-privileged facts from adversaries"). Where attorney work product becomes intertwined with non-privileged facts, the question becomes whether there is another means for the other party to obtain the non-privileged facts. *Id.* Here, the individual interviewed is Zhu himself, from whom the defense can easily obtain any non-privileged facts related to the interview. Therefore the application of the attorney work product doctrine does not create any "undue hardship" on the defense, and the notes from the May 8, 2013 interview with Zhu are protected work product that are not discoverable.

### B. *SUBPOENA REQUEST EIGHT*

■ Request No. Eight seeks "[a]ny correspondence between NYU and Sie-

mens from October 2008 to the present relating to Dr. Zhu." The Court, by Order dated October 14, 2014, already limited the time period to December 2011 through the present. (Dkt. No. 58.) NYUMC alleges that there are privileged communications between NYUMC and Siemens during this time range, specifically communications between counsel of the two parties. NYUMC argues the communications are privileged under the common interest rule, which "protect[s] the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *See United States v. Schwimmer,* 892 F.2d 237, 243 (2d Cir.1989), *cert. denied* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 31 (1991).

■ There are two elements a party must prove to invoke the common interest rule: first, that the parties have a common legal interest—as opposed to a commercial interest; and second, that "the disclosures are made in the course of formulating a common legal strategy." *See, e.g., Schaeffler v. United States,* 22 F.Supp.3d 319, 330–31, 332 (S.D.N.Y.2014). A formal written common interest agreement is not necessary. *See Denney v. Jenkens & Gilchrist,* 362 F.Supp.2d 407, 415 (S.D.N.Y. 2004).

NYUMC provided a representative set of the relevant communications to the Court for an *in camera* review.

As to the first element—a shared legal interest—both parties had a legal interest in the investigation of the defendant's alleged misappropriation of their proprietary information. *See, e.g., HSH Nordbank AG N.Y. Branch v. Swerdlow,* 259 F.R.D. 64, 72 (S.D.N.Y.2009). There was also a clear chance that the parties would become co-litigants against Zhu. *See Schaeffler,* 22

F.Supp.3d at 332 (noting parties share a common legal interest where they are or might become co-parties to a litigation).

As to the second element—that the disclosures were in the course of formulating a common legal strategy—all of the communications between NYUMC and Siemens were focused on how the two parties, jointly, should approach Zhu's alleged misconduct. The disclosures were made in furtherance of determining the extent of Zhu's alleged misconduct and what the parties' next steps should be.

The Court finds the communications between counsel related to Request No. Eight were made pursuant to the common interest doctrine and are therefore privileged and not discoverable.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Government's Motion (Dkt. No. 52) to Quash Defendant Yudong Zhu's Subpoena is **GRANTED** as to Requests Nos. Six and Eight of defendant Yudong Zhu's Subpoena dated August 21, 2014.

**SO ORDERED.**